JUDGE NATHAN

IN THE UNITED STATES DISTRICT COURT
FOR THE SOTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

**12 CIV 1101**

YEHUDA ROSEN,
individually and on behalf of a class,

                              Plaintiff,

            v.

**COMPLAINT – CLASS ACTION**

KOSHER DELIGHT CORP.
and DOES 1-10,

                              Defendants.
-----------------------------------------------------------x

### INTRODUCTION

1. Plaintiff Yehuda Rosen brings this action to secure redress for the violation by Kosher Delight Corp. ("Kosher Delight") of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2. One provision of FACTA, codified as 15 U.S.C. §1681c(g), provides that:

**No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.**

3. Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." Pirian v. In-N-Out Burgers, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007); accord, Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D.Ill. 2007); Follman v. Hospitality Plus of Carpentersville, Inc., 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D.Ill., Oct. 17, 2007); Follman v. Village Squire, Inc., 07 C 3767, 2007 U.S. Dist. LEXIS

92585 (N.D.Ill., Dec. 18, 2007); Korman v. Walking Co., 503 F. Supp. 2d 755 (E.D.Pa. 2007); Ramirez v. MGM Mirage, Inc., 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D.Nev. December 3, 2007).

4. The purpose of this "truncation requirement" is to prevent identity theft. The Federal Trade Commission estimates that over 9 million persons each year have their identity assumed by criminals for financial gain, causing losses in excess of $50 billion.

5. One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions. Identity thieves who do this are known as "carders" and "dumpster divers." This modus operandi is more common than the use of sophisticated electronic means to obtain the information. Robin Sidel, "Identity Theft – Unplugged – Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6. To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

7. The law gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

8. Defendant has willfully violated this law and failed to protect plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

9. On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date. This amendment was widely publicized and sponsored by the

Chamber of Commerce and other retailer organizations. No exemption was provided for printing too many digits.

10. Plaintiff brings this action against defendant based on defendant's violation of 15 U.S.C. §§1681 *et seq.* Plaintiff seeks statutory damages, attorneys fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p (FCRA).

12. Venue in this district is proper because defendant does business here and the transaction giving rise to this lawsuit occurred within this jurisdiction.

## PARTIES

13. Plaintiff, Yehuda Rosen, is a resident of this district.

14. Defendant Kosher Delight Corp. is a domestic business corporation with an address for process of Phillips Nizer Benjamin Krim & Ballon, LLP, Attn: Perry S Galler, Esq., 666 Fifth Ave. in New York, NY 10103. It operates a store in the Southern District of New York.

15. Defendant Kosher Delight is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

16. Defendants Does 1-10 are individual officers, directors, employees and agents of defendant Kosher Delight who authorized, directed or participated in the violations of law complained of.

## FACTS

17. On February 1, 2012, plaintiff received from Kosher Delight at its establishment located at 1359 Broadway, New York, New York a computer-generated cash register receipt which displayed more than the last five digits of the plaintiff's card number. A redacted copy is attached to Exhibit A.

## CLASS ALLEGATIONS

18. Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

19. The class is defined as all persons to whom Kosher Delight provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card.

20. The class is so numerous that joinder of all individual members in one action would be impracticable.

21. There are over 100 persons to whom Kosher Delight provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card.

22. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal theories and arise from the same unlawful and willful conduct.

23. There are common questions of fact and law affecting members of the class,

which common questions predominate over questions which may affect individual members. These include the following:

a. Whether defendant had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

b. Whether defendant thereby violated FACTA;

c. Whether defendant's conduct was willful;

d. Identification and involvement of the Doe defendants.

24.    Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of the class members. Plaintiff has retained counsel experienced in consumer class actions.

25.    A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

## VIOLATION ALLEGED

26.    Defendants violated 15 U.S.C. §1681c(g)(1), which provides that:

**... no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.**

27.    With respect to machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

28.    With respect to machines that were in use before January 1, 2005, 15 U.S.C.

§1681c(g)(3)(B) required compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 4, 2006.

29. Defendant accepts credit cards and/or debit cards in the course of transacting business with persons such as plaintiff and the class members. In transacting such business, defendant uses cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30. After the effective date of the statute, defendant, at the point of sale or transaction, provided plaintiff and each class member with one or more electronically printed receipts on each of which defendant failed to comply with the truncation requirement.

31. FACTA was enacted in 2003 and gave merchants who accept credit card and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

32. Defendant knew or should have known of the truncation requirement.

33. VISA, MasterCard, the PCI Security Standards Council – a consortium founded by VISA, MasterCard, Discover, American Express and JCB – companies that sell cash registers and other devices for the processing of credit or debit card payments, and other entities informed merchants about FACTA, including its specific requirements concerning the truncation of credit card and debit card numbers and prohibition on the printing of expiration dates, and the need to comply with the same.

34. The requirement was widely publicized among retailers.

35. For example, in response to earlier state legislation enacting similar truncation requirements, on March 6, 2003, the CEO of Visa USA, Carl Pascarella, explained that "Today, I am proud to announce an additional measure to combat identity theft and protect

consumers. Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether. . . . The first phase of this new policy goes into effect July 1, 2003 for all new terminals. . . . ." "Visa USA Announces Account Truncation Initiative to Protect Consumers from ID Theft; Visa CEO Announces New Initiative at Press Conference With Sen. Dianne Feinstein," PR Newswire, March 6, 2003.

36. Within 24 hours, MasterCard and American Express announced they were imposing similar requirements.

37. The card issuing organizations proceeded to require compliance with FACTA by contract, in advance of FACTA's **mandatory compliance date**.

38. For example, the August 12, 2006 edition of "Rules for Visa Merchants" (p. 62), which is distributed to and binding upon all merchants that accept Visa cards, expressly requires that "only the last four digits of an account number should be printed on the customer's copy of the receipt" and "the expiration date should not appear at all." These statements were accompanied by a picture of a receipt showing precisely what had to be removed. VISA required complete compliance by July 1, 2006, five months ahead of the statutory deadline.

39. Defendant accepts Visa cards and is a party to a contract requiring compliance with the above-quoted requirement.

40. American Express has a manual that contains a similar depiction of what information must be suppressed.

41. These requirements were widely publicized. The following are illustrative.

42. On July 9, 2003, L. Richard Fischer of VISA USA presented a written statement to the House Committee on Financial Services supporting the truncation requirements

of what ultimately became FACTA. Mr. Fischer stated:

Although Visa generally believes that the details of preventing identity theft should be left to financial institutions that are best suited to address ever evolving fraud techniques, Title II could provide important benefits to consumers and financial institutions alike by establishing workable identity theft provisions and ensuring that these provisions benefit from national uniformity. For example, Section 203 of Title II would prohibit any merchant or other entity that accepts credit and debit cards from printing more than the last four digits of the card account number or the expiration date upon receipts provided to cardholders at the point of sale.

43.  Heartland Payment Systems, Inc. provides credit and debit card, payroll and related processing services to restaurant, hotel and retail merchants throughout the United States, and indicates on its website that it provides services to over 137,000 merchants. In 2003, Heartland broadly disseminated a pamphlet which included the following statement:

Your credit card terminal is now–or will soon be required by law or the bankcard associations to truncate–or limit–the information that can appear on electronically printed sales receipts.

What that means is that on all cardholder numbers:

- The expiration date must be eliminated

- All but the last four numbers of the card number must be obscured. . . . .

44.  In 2006, Heartland broadly disseminated a second pamphlet, which included the following statement:

**Make every transaction a safe one.** * * * *

- The cardholder's receipt *should not include* the card's expiration date and *should only include* the last 4 or 5 digits of the card number. * * * *

45. Another credit card processor, Commerce Bank, sent "Merchant Compliance Awareness" notices to its customers during 2004. These stated that all but the last four digits of the cardholder account number and the entire expiration date had to be suppressed from the receipt.

46. A bulletin dated June 14, 2006 issued by AllianceData, another processor, informed its customers that under FACTA "no person that accepts credit cards or debt cards for the transaction of business shall print **more** that the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale transaction." It further stated that Visa required compliance by July 1, 2006 and MasterCard by April 1, 2005.

47. Many restaurant and retail trade associations apprised their merchant members that FACTA imposed truncation requirements mirroring Visa's truncation requirements.

48. On January 10, 2007, the National Retail Federation sent a memo to the general counsels of its members warning that failure to suppress both "credit card expiration dates or anything beyond the last five digits of a customer's credit card number on the copy of the receipt provided to the customer" was likely to result in a lawsuit.

49. The Federal Trade Commission issued a business alert in May 2007 entitled "Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," which stated: "According to the federal Fair and Accurate Credit Transactions Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten – or truncate – the account information. You may include no more than the last five digits of the card number, and you must delete the card's expiration date."

50.     Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc. In isolation, the publication of *only* the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

51.     The costs of truncating account numbers is minimal.

52.     Most of defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

53.     Defendants willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA.

54.     The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than**

$1,000; or

(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .

55. The FCRA, 15 U.S.C. §1681p, provides:

§ 1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants as follows:

    a. For statutory damages of $100 to $1,000 per violation;

    b. For attorney's fees, litigation expenses and costs;

c. For such other and further relief as the Court may deem proper, including punitive damages.

Dated 2/9/12
New York, NY

_____
Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
2710 Broadway, 2nd Floor
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel

_____
Shimshon Wexler

# EXHIBIT A

